UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SCOTT E. LANDRETH, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-09-254 |
| | § § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, | § § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day came on to be considered Plaintiffs' Motion to Remand. (D.E. 12.) For the reasons stated herein, Plaintiffs' Motion is GRANTED.

### I.   Factual and Procedural Background

On July 15, 2009, Plaintiffs Lesleigh C. Landreth and Scott E. Landreth filed suit in the 214th Judicial District Court of Nueces County, Texas against Defendant Allstate Texas Lloyds, Inc. ("ATL Inc."). Plaintiffs had suffered extensive damage to the foundation and flooring of their living room due to a leak in the fresh water supply line at their residence, and sought to cover their loss under a homeowners' insurance policy they believed was issued by ATL Inc., a Texas corporation. (D.E. 1-2 ¶ 7-9.) Plaintiffs alleged that ATL Inc. denied their claim and provided "four inappropriate and deliberately deceitful reasons for its denial." (D.E. 1-2 ¶ 9.) Plaintiffs alleged that ATL Inc.'s reasons for the denial were inconsistent with the terms of the homeowners' insurance policy. (D.E. 1-2 ¶ 10-18.) Plaintiffs brought breach of contract and statutory causes of action under the Texas Insurance Code and causes of action for negligence. (D.E. 1-2 ¶ 19-29.) Plaintiffs subsequently filed a First Amended Petition on September 9, 2009, naming as Defendants both ATL Inc. and Allstate Texas Lloyd's ("ATL"), after

some confusion arose regarding the proper party to the lawsuit. (D.E. 1-12.) Plaintiffs filed a Second Amended Petition on September 21, 2009. (D.E. 1-13.)

After ATL, an Illinois Corporation, was named as a Defendant in the First Amended Petition, Defendants filed a Notice of Removal on September 28, 2009. (D.E. 1.) They based removal on diversity of citizenship, as ATL is an Illinois corporation and Plaintiffs are citizens of Texas. (D.E. 1 ¶ 4.) ATL argues that there is complete diversity of citizenship, because the Texas citizenship of ATL Inc. should be disregarded. (D.E. 1 ¶ 4.) With respect to the amount in controversy, Defendants state that Plaintiffs "seek to recover the actual damages for their contractual claims under their homeowners insurance policy and causes of action under the Texas Insurance Code and Texas Deceptive Trade Practices Act, thereby exceeding the $75,000.00 requirement. . . . Here based on the allegations in Plaintiffs' petition, it is clear that the amount in controversy in this case exceeds $75,000, and Plaintiffs are not legally bound to accept less than $75,000." (D.E. 1 at 3.) In a supplement to their Notice of Removal, Defendants note that Plaintiffs' Second Amended Petition seeks recovery of "actual damages in an amount not to exceed $200,000." (D.E. 14 at 3-4.)

Plaintiffs filed a Motion to Remand on October 6, 2009 (D.E. 12), arguing that complete diversity does not exist, and on October 27, 2009, they filed a Supplement to their motion, arguing that the amount in controversy requirement had not been met in this action. (D.E. 16 at 1.) Plaintiffs state that they have made two offers to settle this matter, the first for $11,589.09 before the filing of this lawsuit, to which Defendants never responded. The second offer of $35,000 was made on October 27, 2009, and Defendants have until November 11, 2009 to respond. (D.E. 16 at 1, 16-2, 16-3.)

## II.     Discussion

### A.     General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). In general, an action is removable to a federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-92 (1987); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). The removing party bears the burden of showing that the removal is proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

### B.     Removal Based on Diversity Jurisdiction

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Both complete diversity of citizenship and amount in controversy are in dispute in this case.

Here, Defendants have not met their burden of proof as to the amount in controversy. Generally, the amount in controversy for the purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. See St. Paul

Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1411-12 (5th Cir. 1995).  Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000, the defendant has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  See Manguno, 276 F.3d at 723 ("where . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000"); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).  A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."  Manguno, 276 F.3d at 723.  Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his recovery will not exceed" the jurisdictional amount.  In re 1994 Exxon Chemical Fire, 558 F.3d 378, 387 (5th Cir. 2009).

Here, Plaintiffs' Petition does not set out the exact amount in controversy. Defendants state that the amount in controversy exceeds $75,000 but provide only conclusory statements in support of this contention; they do not provide sufficient "summary judgment type evidence" to support their removal.  Nothing on the face of the petition or the allegations demonstrates that the amount in controversy exceeds the

jurisdictional amount.[1] As such, the amount in controversy requirement for removal has not been satisfied.

### III. Conclusion

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action and therefore GRANTS Plaintiffs' Motion to Remand. (D.E. 12.) The Court defers to the state court Plaintiff's request for attorney's fees and costs.

This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 214th Judicial District Court of Nueces County, Texas, where it was originally filed and assigned Case No. 09-3324-F.

SIGNED and ORDERED this 6th day of November, 2009.

_____
Janis Graham Jack
United States District Judge

---

[1] Plaintiff in its Supplement to its Motion to Remand has brought to the Court's attention two Demand letters, both well below the $75,000 threshold. The first letter, made post removal, seeks $35,000. (D.E. 16-1.). The second, dated May 1, 2009, even before Plaintiff filed suit, states "[f]or the purposes of this settlement offer, we are demanding the reasonable sum of $11,589.09." (D.E. 16-2 at 3.) Courts have consistently looked to demand letters, particularly pre-suit demand letters, as evidence of the amount in controversy. See, e.g., Loranzo v. Schoellerman, No. H-08-3069, 2009 WL 211080, at *2 (S.D. Tex. Jan. 28, 2009) (examining plaintiff's pre-removal settlement demand letter to determine whether plaintiff's claims exceed $75,000); Powell v. Nat'l Action Fin. Servs., Inc., No. H-05-0806, 2005 WL 1866150, at *4 (S.D. Tex. Aug. 4, 2005) ("[T]he parties' three settlement negotiations evince that the amount in controversy here is below the $75,000 threshold."); Stone v. State Farm Mut. Auto. Ins. Co., No. 08-3859, 2008 WL 4507827, at *2 (E.D. La. Oct.2, 2008) ("The amount of a settlement offer is 'valuable evidence to indicate the amount in controversy at the time of removal.'"); Edwards v. Fred's, Inc., No. 05-0288, 2005 WL 2106156, at *2 (W.D. La. Aug.30, 2005) (concluding that amount in controversy was below the jurisdictional amount because settlement demand was only $7,049); Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.), No. 3:04-CV-2692-P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005) ("[S]ettlement offers are compelling evidence of the minimum amount in controversy.").