UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SCOTT E. LANDRETH, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. C-09-254 |
| § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, § | |
| § | |
| Defendants. § | |

# **ORDER**

On this day came on to be considered Defendants' Motion to Reconsider Order of Remand. (D.E. 20.) For the reasons stated herein, Defendants' Motion is DENIED.

On November 6, 2009, the Court entered an Order granting Plaintiffs' Motion to Remand this action to state court, pursuant to 28 U.S.C. § 1447(c). (D.E. 19.) Also on November 6, 2009, a certified copy of this Order was mailed to the clerk of the 214th Judicial District Court of Nueces County, where this action was originally filed. On November 9, 2009, Defendants filed a Motion to Reconsider the Court's Remand Order. (D.E. 20.)

The Court is without jurisdiction to consider Defendants' Motion. As the Court's remand was for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), and the Remand Order was mailed to the clerk of the state court on November 6, 2009, Section 1447(d) prevents further review of this Order.[1]  "It is beyond cavil . . . that a district court's order remanding a cause to state court may not be appealed. . . . Not only may the order not be appealed, but the district court itself is divested of jurisdiction to

---

[1] 28 U.S.C. § 1447(d) provides, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

reconsider the matter. Thus, even if it later decides the order was erroneous, a remand order cannot be vacated even by the district court." New Orleans Public Serv., Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir. 1986).  Title 28 U.S.C. § 1447(c) "creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction. On that basis, the federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court." Arnold v. Garlock, Inc., 278 F.3d 426, 437-38 (5th Cir. 2001); Crossroads of Texas, LLC v. Great-West Life & Annuity Ins. Co., No. V-05-89, 2006 WL 305793, at *1 (S.D. Tex. Feb. 8, 2006) ("It is well established law in the Fifth Circuit that a district court's order remanding a cause of action to state court is generally not reviewable. . . . Once a district court has remanded a case to state court, it is divested of jurisdiction. A remand order is final once a certified copy of the order is forwarded to the clerk of the state court. [W]here, as here, a remand order is based on a lack of subject matter jurisdiction, it is 'clearly non-reviewable.'") (internal citations omitted).

    For the reasons stated above, Defendant's Motion is DENIED.  (D.E. 20.)

    SIGNED and ORDERED this 12th day of November, 2009.

                                                                       _____
                                                                           Janis Graham Jack
                                                                          United States District Judge